UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLYNN HANSBERRY,
      Plaintiff,

v.

WAKEFIELD & ASSOCIATES, INC. d/b/a
WAKEFIELD COLLECTIONS, INC.,
      Defendant.

_____

## COMPLAINT & JURY DEMAND

Plaintiff, Jolynn Hansberry, through counsel, Credit Repair Lawyers of America, state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

4.  Plaintiff is a natural person residing in Farmington Hills, Oakland County, Michigan.

    Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA.

    Plaintiff is also a "consumer," "debtor" and "person" as the term is defined and or used in

    the MCPA and MOC.

5.  The Defendant to this lawsuit is Wakefield & Associates, Inc. d/b/a Wakefield

    Collections, Inc. which is a foreign corporation that conducts business in Michigan.

## VENUE

6.  The transactions and occurrences which give rise to this action occurred in Oakland

    County, Michigan.

7.  Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8.  Defendant is attempting to collect a medical consumer type debt allegedly owed by Ms.

    Hansberry (the alleged "Debt").

9.  On or about June 14, 2017, Ms. Hansberry obtained her credit file. This showed that the

    alleged Debt originated with a balance of $482.00 but that Defendant was now attempting

    to collect $512.00 from Ms. Hansberry.

10. This is a violation of the FDCPA in that Ms. Hansberry did not agree to pay interest or

    any other fees regarding the medical services which are the subject of the alleged Debt.

11. Ms. Hansberry has never made any payment to Defendant regarding the alleged Debt.

12. As a result of Defendant's actions, Ms. Hansberry has suffered emotional and pecuniary damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

16. Defendant is a "debt collector" under the FDCPA.

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant misrepresented the amount of alleged Debt by adding interest or fees to the alleged Debt and reporting the incorrect amount on Plaintiff's credit report;

   b. 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect a debt. Defendant violated this provision by adding interest or fees to the alleged Debt and reporting the incorrect amount on Plaintiff's credit report; and

   c. 15 U.S.C. § 1692f(1) by collecting an amount not permitted by law. Defendant violated this provision by adding fees or interest to the alleged Debt and reporting the incorrect amount on Plaintiff's credit report.

18. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. Defendant violated this provision by adding interest or fees to the alleged Debt and reporting the incorrect amount on Plaintiff's credit report; and

   b. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

4

**COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT**

25. Plaintiff incorporates the preceding allegations by reference.

26.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. Defendant violated this provision by adding interest or fees to the alleged Debt and reporting the incorrect amount on Plaintiff's credit report; and

   b. M.C.L. § 445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.


**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury in this action.

**DEMAND FOR JUDGMENT FOR RELIEF**

Accordingly, Plaintiff requests that the Court grant her the following relief against

Defendant:

    a.   Actual damages.

    b.   Statutory damages.

    c.   Treble damages.

    d.   Statutory costs and attorney fees.

 

Respectfully submitted,

Dated: June 30, 2017            /s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com